ORDER (Denying Motion for Reconsideration)
On November 15, 2013, the appellant, by and through Attorney James C. Ritland, filed a motion to reconsider, urging this Court to reverse its denial of her appeal. The appellant unwisely resorted to a state trial level rule of civil procedure, entitled “Relief from Judgment or Order,” when articulating the grounds of her motion.[1] Wis. Stat. § 806.07. An equivalent rule exists within this jurisdiction, but, regardless, neither rule would logically govern this Court’s appellate practice. HCN R. *104 Civ. P. 58, mailable at http://www.ho-chunknation.com/?PageId=123. Instead, the appellant should have performed that degree of research reasonably necessary to determine whether and how to present the motion now under review. The Court denies the appellant’s motion in accordance with its consistent treatment of such requests.
Over its eighteen (18) year history, the Court has entertained sixteen (16) motions for reconsideration within cases that proceeded to final disposition, including the present request. The overwhelming majority of these motions occurred within six (6) years of the Court’s foundation. Only two (2) other such motions have been filed between November 2001, and November 2013. George Lewis v. HCN Election Bd. et al., SU 06-07 (HCN S.Ct., Apr. 13, 2007); Ho-Chunk Nation v. Bank of Am., N.A., SU 03-06 (HCN S.Ct., Sept. 11, 2003).[2] The early concentration of reconsideration requests clearly correlates with the Court’s development. Additionally, the Ho-Chunk Nation judicial system has long prided itself on serving as a forum in which the parties and the jurists openly and thoroughly engage in constructive dialogue, even if at times only for cathartic effect. In the Interest of the Minor Child: K.E.F., SU 97-03 (HCN S.Ct., Oct. 17, 1997) at 5 (describing the traditional opportunity to be heard).
Consequently, the Court has only dispatched with a single motion for reconsideration without comment. C & B Investments v. HCN Dep’t of Health et al., SU 96-13 (HCN S.Ct,, June 23, 1997). The respective appellate parties have only succeeded twice on timely filed motions for reconsideration. Lewis, SU 06-07; Joelene Smith v. Ho-Chunk Nation et al., SU 98-03-04 (HCN S.Ct., July 31, 1998). The Court, however, has oftentimes chosen to expound upon the rationale of an underlying decision in an effort to offer further clarity despite ultimately denying the motion. See, e.g., Bonnie Smith v. HCN Gaming Comm’n, SU 01-02 (HCN S.Ct., June 15, 2001); Chloris Lowe et al. v. HCN Legislature Members Elliot Garvin et al., SU 00-15 (HCN S.Ct., Jan. 4, 2001); Lonnie Simplot et al v. HCN Dept of Health, SU 99-07 (HCN S.Ct., Feb. 7, 2000).
The Court very early explained that the constitutional expectation of finality of appellate decisions ran contrary to a practice of routinely reconsidering judgments. Carol J. Smith v. Rainbow Casino et al., SU 97-04 (HCN S.Ct, Mar. 3, 1998) at 3 (citing HCN Const., art. VII, § 7(c), available at http://www.ho~chunknation.eorn/? Pageld=294). As a result, the Court has usually “addressfed] ... motionfe] simply as a matter of clarification.” Id. For the same reason, the appellate rules lack any provision concerning either reconsideration or rehearing.
The Court may permissibly refer to the federal appellate rules “for guidance in applying and supplementing the[ ] rules,” HCN R.App. P. 1(a), and it has previously analogized to federal appellate motion practice. J. Smith, SU 98-03-04 (HCN S.Ct., July 31,1998) at 1 (citing Fed. R.App. P. 27). The federal rule includes a provision regarding reconsideration, entitled *105 “Disposition of a Motion for a Procedural Order,” which states, in relevant part: “The court may act on a motion for a procedural order .., without awaiting a response, and ... [a] party adversely affected by the court’s . .. action may file a motion to reconsider, vacate, or modify that action.”[3] Fed. R.App. P. 27(b). In contrast, the federal appellate rules do not expressly contemplate the reconsideration of substantive final judgments.[4]
This Court’s treatment of motions for reconsideration aligns with the federal experience. Importantly, the decision to grant reconsideration of a substantive judgment represents a discretionary determination. Cheryl Smith v. Ho-Chunk Nation et al., SU 00-07 (HCN S.Ct., July 14, 2000) at 2.[5] Louella A, Kelly v. Jonette Pettibone et al., SU 99-02 (HCN S.Ct., Sept. 24, 1999) at 2.
In keeping with our constitutional mandates, this Court has been reluctant to reconsider decisions. When this Court has reconsidered decisions, it has been the general practice to retain the initial decision. Therefore, this Court will reconsider decisions only in rare situations where there is a glaring problem such as a technical oversight or misstatement by the Court. This Court will not routinely second-guess itself as the time and effort which goes into decision[-]making is lengthy and deliberate. Routine recon-siderations are therefore unnecessary.
As referenced above, appellate movants have only prevailed upon reconsideration on two (2) occasions. In 1998, the Court reversed a procedural order concerning the imposition of a stay during the pen-dency of the appeal, representing an exception under the cited federal appellate rule. J. Smith, SU 98-03-04 (HCN S.Ct., July 31, 1998). Most recently, the Court vacated a portion of a final decision wherein it appeared to offer an advisory opinion in the absence of a justiciable issue. Lewis, SU 06-07 at 3-4. In this limited instance, the Court arguably faltered in strictly exercising a judicial power. See In re Summers, 326 U.S. 561, 566-67, 65 S.Ct. 1307, 89 L.Ed. 1795 (1945). The Lewis appeal obviously presented the rare situation appropriate for reconsideration, whereas the instant appeal simply does not.
The appellant disputes the Court’s application of its rules, especially in light of a previous opinion. The Court, however, specifically considered this opinion when it decided to decline the appeal. Order (Denying Appeal), SU 13-08 (HCN S.Ct., Oct. 28, 2013) (citing Kenneth L. Turin v, Douglas Greengrass et al., SU 04-08 (HCN *106 S.Ct., Dec. 29, 2004)). The Court can perceive of no reason to engage in a reconsideration of its final judgment. The appellant’s appeal faltered for reasons made all the more evident by the present motion, ie., inadequate research and preparation.

. Prior to November 1, 2009, the Wisconsin Court of Appeals could only opt to reconsider a decision sua sponle. Wis. Stat. § 809.24; see also id, § 809.24 (regarding reconsideration by the Supreme Court).

. In dicta, the Supreme Court referenced the adopted Trial Court standard for motions for reconsideration, but then based its opinion upon a longstanding aversion toward interlocutory appeals and piecemeal litigation. Bank of Am., SU 03-06 at 10—11 (quoting Ralph Babcock v. HCN Gaming Comm’n, CV 95-08 (HCN Tr. Ct., Mar. 14, 1996) at 1). This Court has never applied the trial level post-judgment rule in conjunction with an appeal, HCN R. Civ. P. 58(B), and the adopted standard does not properly equate with the appellate function. Babcock, CV 95-08 at 1 (quoting Alaska R. Civ. P, 77(k)),

. The non-movant may file a response within ten (10) days. Fed. R.App. P. 27(a)(3)(A). In the instant case, the appellees did not respond on or before November 25, 2013.

. The United States Supreme Court may decide to reconsider a denial of a writ of certio-rari. "Any petition for the rehearing of an order denying a petition for a writ of certiora-ri ... shall be limited to intervening circumstances of a substantial or controlling effect or to other substantial grounds not previously presented.” Sup.Ct. R. 44(2).

. In Smith, the Court continued by confusingly expressing that “[ejither party can move the Court, through clear and convincing evidence, that a decision of the Court was in err.” C, Smith, SU 00-07 at 2; see also Joelene Smith v. Scott Beard et al., SU 00-14 (HCN S.Ct., Mar. 12, 2001) at 1 (constituting the only other prior reference to this standard). The imposition of a preliminary burden of proof seems misplaced in relation to a discretionary decision. Also, the Supreme Court lacks the constitutional authority to find facts, thereby rendering an evidentiary threshold largely inapt. HCN Const., art. VII, § 7(a). This partial departure has not proliferated within the case law, and the Court accordingly declines to overturn the above-identified decisions.